IN RE NANCY M. MEADON'S ESTATE.

October Term, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed October 30, 1908.

*Taxation—Collateral Inheritance Tax—Assessment—Rebate for Tax Paid Elsewhere—P. S. 824, 825—Construction.*

Under P. S. 824 providing that, if a tax on a legacy is lawfully paid to another state, the legatee shall be entitled to a specified abatement of the tax here imposed on such legacy, and P. S. 825, pro-

viding that no such rebate shall be allowed until competent evidence is presented to the probate court showing the amount paid to such other state, the date of payment, the rate, valuation of property, and a brief description thereof, such rebate can be allowed only on so much as has actually been paid to such other state, and does not include a discount from the tax there paid, allowed for its prompt payment.

APPEAL by J. E. Cushman, as Commissioner of State Taxes, from a decree of the probate court as to the amount of collateral inheritance tax for which the estate of Nancy M. Meadon is liable. Heard on an agreed statement of facts at the March Term, 1908, Rutland County, *Taylor*, J., presiding. Judgment, affirming the decree of the probate court, that the rebate be allowed for the full amount of the foreign tax, including the discount allowed for prompt payment. The appellant excepted.

*Clarke C. Fitts*, Attorney General, and *Hale K. Darling* for the State.

A collateral inheritance tax is not a tax upon the property, but upon the succession, the value of which right is based upon the value of the property. In re Hickok's Est. 78 Vt. 259; In re Joslyn's Est., 76 Vt. 88; *Magoun* v. *Ill. Tr. & Sav. Bank*, 170 U. S. 283. This distinction will explain why P. S. 824 uses the words, "as will make the entire tax both within and without this state, *based* on such portion of a legacy or distributive share taxed in such other state, or government, equal to five per cent," etc. The word "equal," as used in this statute, means "not less than." *Stewart* v. *Lehigh Valley R. Co.*, 38 N. J. L. 505.

The words of P. S. 825, "amount so paid" are significant and controlling. Effect should be given to every word and clause of a statute. *Catlin* v. *Hull*, 21 Vt. 152; *Ryegate* v. *Wardsboro*, 30 Vt. 746; *Montclair* v. *Ramsdell*, 107 U. S. 152; *Com.* v. *Barber*, 143 Mass. 562; *Com.* v. *Alger*, 7 Cush. 53; *People* v. *McGloin*, 91 N. Y. 241.

*Lawrence & Lawrence*, and *B. L. Stafford* for the defendant.

WATSON, J. A collateral inheritance tax of five per cent of the value in money of the legacy or distributive share on which

it is based, except as otherwise provided, is required by statute to be paid to the State. P. S. 822. One modification of this provision is that if an inheritance, transfer, succession, legacy or a similar tax has been lawfully paid to another state or to a government other than the United States, for or on account of a legacy, distributive share or a part thereof decreed, etc., by a probate court of this State, to a legatee or heir liable to the tax imposed by that section, such legatee or heir shall be liable to pay to this State under the provisions of that section only such part of the tax therein imposed as will make the entire tax both within and without this State, based on such portion of a legacy, or distributive share taxed in such other state or government, equal to five per cent of the total value thereof, to be determined as provided in the chapter of the statute relating to such taxes. P. S. 824.

In the case at bar a portion of the estate decreed by the probate court in this State subject to the payment of the five per cent collateral inheritance tax had been lawfully subjected to the payment of a transfer tax to the State of New York. The statute of that state provides for such a tax of five per centum upon the clear market value of the property, except as otherwise prescribed, and that if such tax is paid within six months from the accrual thereof a discount of five per centum shall be allowed and deducted therefrom. The tax there imposed was paid by the executor of the estate within such six months and a discount of five per centum was allowed and deducted accordingly. The sole question here is, whether the amount of the tax as there imposed, or only the amount actually paid, is to be rebated from the amount of the tax imposed by the law of this State.

Section 825 provides: "No rebate from the full amount of the tax required by the third preceding section shall be allowed under the provisions of the preceding section, unless an official receipt or other competent evidence, showing the amount so paid to such other state or government, the date of payment, the rate, the valuation of the property upon which such tax was computed and a brief description thereof, is presented to the probate court." The fact that the statute thus in express terms requires such official receipt or other evidence to show the *amount so paid* to such other state or government, and is silent respecting the amount of the tax there imposed,—although from other data required to be shown it may be ascertained by computation,—

makes it clear that the intent of the Legislature was to allow in rebate only so much as has lawfully thus been actually paid elsewhere, and the statute is so construed.

*Judgment reversed, and judgment for the State to recover $45.43 and interest thereon since August 31, 1907, together with costs of appeal. To be certified to the probate court.*